10-1751-ag
Gao v. Holder

BIA
Videla, IJ
A094 797 349

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of August, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> REENA RAGGI,
> PETER W. HALL,
> *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

XIU LING GAO,

> *Petitioner*,

v.

No. 10-1751-ag
NAC

ERIC H. HOLDER, JR., United States Attorney General,

> *Respondent.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PETITIONER:**              Peter D. Lobel, New York, NY.

**FOR RESPONDENT:**   Genevieve Holm (Tony West, Assistant Attorney General, Civil Division, and Terri J. Scadron, Assistant Director, *on the brief*), Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Xiu Ling Gao, a native and citizen of China, seeks review of an April 7, 2010, decision of the BIA affirming the August 27, 2008, decision of Immigration Judge ("IJ") Gabriel C. Videla denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Xiu Ling Gao*, No. A094 797 349(B.I.A. April 7, 2010), *aff'g* No. A094 797 349 (Immig. Ct. N.Y. City Aug. 27, 2008).  We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, where the BIA affirms the decision of the IJ without expressly "adopting" it, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness."  *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (quotation marks omitted). The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Alibasic v. Mukasey*, 547 F.3d 78, 84-85 (2d Cir. 2008).  We assess the agency's factual findings under the substantial evidence standard, but review the BIA's application of legal principles to undisputed facts *de novo*.  *Aliyev v. Mukasey*, 549 F.3d 111, 115 (2d Cir. 2008).  Because Gao does not challenge the agency's denial of her CAT claim, we address only the agency's denial of asylum and withholding of removal.

An asylum applicant, such as Gao, has the burden of "demonstrating that 'race, religion, nationality, membership in a particular social group, or political opinion was or will be at least

2

one central reason for persecuting the applicant.'" *Rodas Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010) (quoting 8 U.S.C. § 1158(b)(1)(B)(i)). In other words, Gao must establish a "sufficiently strong nexus" between the harms she has suffered and her political opinion.

The BIA held that Gao failed to establish any nexus between her political beliefs and the physical assault she suffered at the hands of Chinese officials. This holding finds more than ample support in the administrative record. Based on her own account, Gao only came to the attention of the local authorities when she intervened against them on behalf of the leader of the strike, who was being physically assaulted. Tellingly, in her testimony before the IJ, Gao offered the following insight into the motives of her assailants: "[T]hey also beat me because they thought I was trying to break up the fight or fighting with them. After I resisted and they beat me up, beat me up more severely." Gao's testimony provides another reason to conclude that any harm Gao suffered was on account of her involvement in a physical altercation rather than due to her political beliefs or associations. When asked why her brother, who participated in the same political movement as Gao, was able to continue to reside in China free from arrest or persecution, Gao explained: "He was only involved in a strike, but not involving in altercation with the officials." In sum, even assuming, without deciding, that the physical injuries sustained by Gao could otherwise rise to the level of persecution, the BIA reasonably found that Gao failed to show a nexus to a protected ground,[1] and therefore properly denied her application for asylum and withholding of removal. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(ii); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005).

---

[1] To the extent Gao argues that she fears future persecution at the hands of the Chinese judicial system, it is well established that petitioners are not entitled to relief for persecution they would face for violating a generally applicable law. *See Qun Yang v. McElroy*, 277 F.3d 158, 163 n.5 (2d Cir. 2002).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk